Alright, the last case on the morning docket is 525-0059, People v. Joseph Moore. And present on behalf of Mr. Moore is Samantha. And I'm not Ms. Kirk. Is that right? Okay. And your opponent, the appellee, has waived their argument. So we will only entertain your argument here today. Okay? Yes, ma'am. Alright, thank you. You may proceed when you're ready. May it please the Court, I am Samantha Kirk and I represent Joseph Moore. This case turns on a single, unchallenged custodial statement, the only direct evidence of intent to deliver methamphetamine. Mr. Moore said when he was being handcuffed he was trying to sell meth for a friend to get bail money. This was a statement obtained from Mr. Moore while he was staggering, incoherent, slurring his speech, and visibly impaired. This was a man who could not intelligently and voluntarily waive his Miranda rights. We only know some of these details because his trial counsel filed a motion to suppress evidence. And during that evidence, some of this information about the circumstances of his statement came in. No motion to suppress statement was ever filed in this case. Trial counsel never moved to suppress the statement. And then this is exacerbated because defense counsel then agreed to stipulate to the statement at a stipulated bench trial. Counsel later determined at sentencing that Mr. Moore hurt himself with his honesty, which I believe was an admission that this was prejudicial and nothing was done about it. Without the statement, the record does not support Class X possession with intent to deliver. The statement Mr. Moore made was the only indication in the stipulated bench trial that there was an intent to deliver. Here the familiar Strickland standard applies. Mr. Moore must show two things. First, deficient performance. And secondly, prejudice. When ineffective assistance of counsel is an issue with a suppression motion, the two things Mr. Moore must show are that there was a meritorious suppression motion to be had and that the trial outcome likely would have been different without the suppressed evidence. Both are squarely met here. Counsel's performance was deficient in several ways. First, counsel ignored obvious grounds for suppression here. The record is full of uncontradicted testimony describing Mr. Moore's condition. He was incoherent. He could barely walk. He was walking into shelves. He was walking into people. He was staggering. He had slurred speech. He was unstable and appeared to be under the influence of something. This all came in at a motion to suppress evidence. So we don't even have the full detail of what occurred because the motion to suppress statement was never filed. This is exactly the type of impairment that invalidates a Miranda waiver under People v. Roy, where far less impairment was enough. Second, if we assume that his counsel was ineffective for failing to file the motion, as you say, how does he meet the prejudice standard of Strickland in light of the quantity of drugs found in the backpack? He had 16.5 grams of methamphetamine. Quantity in Illinois is not enough where you have drug paraphernalia showing user amounts. In fact, the court in the trial court at Mr. Moore's detention hearing specifically said the quantity wasn't decisive in this matter. It was the statement that made all the difference. So the issue, though, then becomes whether things would have changed for him on the intent to deliver as opposed to just the drug possession. Correct. But the difference between intent to deliver class X, that is 6 to 30 years in the Department of Corrections at 75 percent, if he had been found guilty merely of possession class I, that would have been 4 to 15 years in the Department of Corrections. It was probationable, and technically he was eligible for drug court, which the man obviously needed. Do we have to look at the likelihood of the success of the motion? I believe that the motion would have been meritorious because the police officers have always already given all of this evidence. In a hearing that had nothing to do with the statement. So counsel ignored the obvious grounds of suppression. And the grounds here are even more showing than they were in People v. Roy, which is the Illinois Supreme Court case of 1971. And we have far more impairment here than there was in People v. Roy. Second here, there is no evidence of an intelligent voluntary waiver, and counsel never tested it. One officer, Officer West, said Mr. Moore waived his rights, but didn't say how. The other officer, Deputy Voss, only said that Officer Voss read the warnings. A competent attorney would immediately recognize the Miranda issue and move to suppress. But no motion was filed here. Third, counsel then stipulated to the statement, after the unsuccessful motion to suppress evidence, first private counsel withdrew, and public defender took over the case. And first thing he did was stipulate with the state, including this statement, at a stipulated bench trial. At the sentencing hearing, counsel admitted the statement hurt him in the long run. That's not strategy, that's acknowledgement of prejudice. No reasonable defense attorney would stipulate to the only direct evidence in the record of intent without first litigating voluntariness. This performance fell below the objective standard of professional conduct. A motion to suppress would have been granted here. Under Roy, gross intoxication invalidates a waiver. And from what we have at the motion to suppress evidence hearing, there was obvious gross intoxication here. In Roy, the Supreme Court suppressed the statement, if you will, where the defendant smelled of alcohol, was drunk, he was confused, swayed a little bit, was unsteady, and repeatedly said what and yeah during questioning. Mr. Moore was in far worse condition. Deputy Voss even said he was incoherent. He was staggering into customers, walking into shelves, slurring his speech, unsteady and surrounded by user paraphernalia. The state must prove a knowing and voluntary waiver. Here it cannot. The officer's own testimony defeats the voluntariness here. The officers concluded he was under the influence and incoherent. That is why he was being offered a courtesy ride in the first place. A suppression motion was not only viable, it was strong. The prejudicial statement was the linchpin of the conviction, the heart of the case. The statement was the only direct evidence of intent to deliver. And there is no indication that Mr. Moore had any cash, had any packaging for sale, no baggies were found. There were no controlled buys, no witness statements, no indicia of distribution whatsoever. But there was a scale, wasn't there? Yes, Your Honor, there was a scale, and I will acknowledge that a scale is typically part of a drug dealer's toolkit, but there was nothing else. There were no baggies. There was no individual packaging for resale. None of the other parts of that toolkit, if you will, were there. Only a scale. Without the statement, the stipulated record cannot prove, can't prove intent. Excuse me. Eleanor Courts repeatedly warned that possession plus paraphernalia does not equal intent. Under Robinson and McCarty, circumstantial evidence must support intent in context. And in this context, every circumstantial factor points to personal use, not sale. The trial court relied directly on the statement, as I previously said. What the trial court said at the detention hearing was the amount is not nearly as dispositive as the threat of sale itself. Here Mr. Moore had one and a half grams over the lower limit of the threat of sale. That threat of sale existed only because of the statement. Without the statement, the state could not meet a burden on a Class X intent to deliver charge. The sentencing consequences here confirm with the additional, the substantially additional time associated with intent to deliver. Under Glover, any increase in imprisonment satisfies prejudice. Here suppression would almost certainly have lowered the charge and the sentence. Okay, your time has expired. Let me see if there's a question. No question. Thank you, Your Honor. Thank you for your diligence in the hearing.